**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CAROL ANN BAUM**                                                                      **PLAINTIFF**

**V.**                               **No. 3:25-CV-00108-DPM-PSH**

**FRANK BISIGNANO, Commissioner,
Social Security Administration**                                       **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr. Either party may file written objections to this

Recommendation, and those objections should be specific and should include the

factual or legal basis for the objection. To be considered, objections must be received

in the office of the Court Clerk within fourteen days of this Recommendation. If no

objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing the record. By not objecting, parties may also waive the

right to appeal questions of fact.

I.      **Introduction:**

Carol Baum was fifty-four years old when she applied for Title II and Title

XVI disability benefits in March 2023 alleging disability beginning January 1, 2021.

(Tr. at 234–44). Her claims were denied both initially and upon reconsideration, and

she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 167).

At the hearing, Baum amended the onset of her disability to January 30, 2023. (Tr.

1

at 41). On June 10, 2024, the ALJ found Baum was not disabled. (Tr. at 17–29). Baum requested review of the ALJ's decision, which the Appeals Council denied on June 10, 2025. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Baum seeks judicial review. For the reasons stated below, the Commissioner's decision should be affirmed.

## II.　The Commissioner's Decision:

The ALJ first found that Baum had not engaged in substantial gainful activity since January 30, 2023, her amended onset date. (Tr. at 19). At step two of the sequential five-step analysis,[1] the ALJ found that Baum had the following severe impairments: migraine with aura, chronic right shoulder discomfort, cervical osteophytes, degenerative disc disease of the lumbar spine, and mild lumbar spondylolisthesis. (Tr. at 20). After finding that none of her impairments or combination of impairments met or medically equaled a listed impairment, the ALJ determined that Baum would be able to perform light work with the following limitations: (1) she could occasionally stoop, crouch, bend, crawl, and kneel; (2) she

---

[1]Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4).

2

could occasionally reach overhead using her right upper extremity; and (3) she could not be exposed to constant vibrations. (Tr. at 22).

The ALJ found that Baum could perform her past relevant work as a dress poultry grader and short order cook as generally performed. (Tr. at 27–28). Consequently, the ALJ concluded that Baum was not disabled. (Tr. at 28).

## III.   Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). The United States Supreme Court has held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

It is not the task of the Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the Commissioner because there is contradictory evidence in the record. The test is whether there is substantial evidence

3

in the record as a whole to support the decision of the Commissioner. *Miller*, 784 F.3d at 477.

### B. Arguments on Appeal

On appeal, Baum argues that the decision of the ALJ should be reversed because (1) the ALJ erred in evaluating the medical opinion of Dr. Chelsea Mann and (2) the ALJ failed to consider Baum's subjective complaints of pain. Neither argument warrants reversal, and the Court should affirm the Commissioner's decision.

### 1. Medical Opinion of Dr. Chelsea Mann

In her first point, Baum asserts that the ALJ erred in evaluating the medical opinion of Dr. Chelsea Mann, who performed a consultative examination of Baum. Baum points to two alleged inadequacies in the ALJ's evaluation of Dr. Mann's opinion: (1) a failure to explain how Dr. Mann's opinion was supported by and consistent with objective medical evidence as required by law and (2) a failure to articulate exactly which parts of Dr. Mann's opinion were persuasive.

The Social Security Administration promulgated new regulations—effective March 27, 2017—governing how ALJs assess medical opinion evidence. The new rules provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJs are required to analyze whether opinion evidence is

persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [including: (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. *Id*. §§ 404.1520c(c), 416.920c(c). An opinion is "more persuasive if it is supported by explanation and relevant objective medical evidence, and is consistent with other evidence in record," *Norwood v. Kijakazi*, No. 21-3560, 2022 WL 1740785, at *1 (8th Cir. May 31, 2022) (per curiam) (citing 20 C.F.R. §§ 404.1520c(c), 416.920c(c)). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Phillips v. Saul*, No 1:19-CV-34-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (Jan. 18, 2017) & Articulation Requirements for Medical Opinions and Prior Administrative Medical Findings – Claims filed on or after March 27, 2017, SSA POMS DI 24503.030)).

Dr. Chelsea Mann examined Baum on December 2, 2023. (Tr. at 820). During the examination, Baum ambulated without assistance, had a normal gait, was able to rise from sitting without assistance, was able to bend, had 5/5 grip strength, and exhibited adequate fine motor movements in her hands. (Tr. at 821). She had no muscle asymmetry, atrophy, or involuntary movements. *Id*. She had tenderness of

the spinous process of the lumbar spine and the bilateral SI joints on palpitation and refused to squat. *Id*. She stood on her tiptoes and heels and was able to tandem walk with some balance issues. *Id*. Baum had normal range of motion in all joints except a reduced range in extension of her cervical spine, extension of her lumbar spine, abduction of her right shoulder, and forward elevation of her right shoulder. (Tr. at 823). She had strong neck movement against resistance, good shoulder shrug, and normal sensation everywhere but her right thigh. (Tr. at 822). Dr. Mann concluded that Baum (1) could sit for a full workday with breaks "as needed," (2) was "limited in her ability to stand and walk for an extended period of time," (3) was unable to lift or carry "heavy items regularly," and (4) was unable to reach overhead. *Id*.

Baum's claim that the ALJ improperly evaluated the medical opinion of Dr. Mann is without merit. The ALJ directly addressed the persuasiveness of Dr. Mann's opinion, including both the supportability and consistency prongs. Although the ALJ declined to fully adopt the limitations outlined by Dr. Mann, "[a]n ALJ is free to accept some, but not all, of a medical opinion and is not required to "explicitly . . . reconcile every conflicting shred" of medical evidence. *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (internal citations omitted).

In addressing the supportability of Dr. Mann's medical opinion, the ALJ considered Dr. Mann's own physical examination of Baum. An ALJ may properly consider a provider's own examination notes when determining whether that

6

provider's opinion is supported. *Cropper v. Dudek*, 136 F.4th 809, 815 (8th Cir. 2025) (citing *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022); *Starman v. Kijakazi*, 2021 WL 4459729 at *4 (E.D. Mo. Sept. 29, 2021)). The ALJ found Dr. Mann's physical examination partially supported her medical opinion, "as it demonstrates a reduced range of motion in the cervical and lumbar spine as well as in the right shoulder." (Tr. at 26). The ALJ also noted, however, inconsistencies in that Baum "had a normal gait, was able to rise from a sitting position without assistance, could stand on her tiptoes, exhibited no muscle atrophy or tender points, and had a grip strength of 5/5." *Id*. The ALJ concluded that Dr. Mann failed to provide specific lifting restrictions, stating only that Baum should avoid lifting and carrying heavy items on a regular basis, without a definition of what constituted heavy. *See Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996) (citing *Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991), for the proposition that vague medical opinions are of limited persuasive value).

As for consistency, the ALJ found Dr. Mann's opinion was "generally consistent" with the longitudinal record. (Tr. at 26). "The more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). This Court reviews the entire ALJ decision in deciding whether the ALJ's findings were appropriate. *See Wiese v. Astrue*, 552 F.3d

728, 733 (8th Cir. 2009) (concluding that an ALJ's findings were "apparent from the opinion's entirety"); *Terry v. Soc. Sec. Admin.*, No. 4:22-CV-00962-BRW-JTK, 2023 WL 7284018, at *3 (E.D. Ark. Nov. 3, 2023), report and recommendation adopted, *Terry v. Kijakazi*, No. 4:22-CV-00962-BRW, 2023 WL 8004887 (E.D. Ark. Nov. 17, 2023) (stating that "if the record as a whole supports an ALJ's finding about a medical opinion's persuasiveness, and he has discussed other factors about his finding elsewhere in the decision, he has cleared the bar").

The ALJ found the opinions of Dr. Prianka Gerrish and Dr. Dan Gardner, neither of whom found Baum as limited as Dr. Mann, partially persuasive. (Tr. at 26–27). Dr. Prianka Gerrish, who evaluated Baum at the initial level, found that she could perform light work with certain postural limitations—occasionally climbing ramps and stairs; occasionally climbing ladders, ropes, and scaffolds; occasionally stooping, kneeling, crouching, and crawling; and frequently balancing. (Tr. at 85–86). Dr. Gerrish also found Baum should avoid certain environmental hazards. *Id*. On reconsideration, Dr. Dan Gardner agreed with Dr. Gerrish but added that Baum could climb ramps or stairs; could kneel; but could never climb ladders, ropes, or scaffolds. (Tr. at 103–05). Dr. Gardner additionally found Baum was limited in right overhead reaching and should avoid environmental hazards. *Id*.

The ALJ acknowledged that Baum had a history of pain in her lumbar spine, right shoulder, and neck. (Tr. at 23–27). Her medical records included a CT scan of

her lumbosacral spine in September 2022 revealing multilevel degenerative changes with a mild grade 1 spondylolisthesis of the L4 anterior to L5 vertebrae that was secondary to degenerative facet arthropathy changes. (Tr. at 23, 666). Baum additionally had mildly reduced motor strength in her upper extremities and decreased sensation in her left C6 and C7 dermatomes. (Tr. at 23, 444–45). However, the ALJ also observed that an electromyography and nerve conduction study performed in February 2024 demonstrated normal findings and no evidence of compromised nerves. (Tr. at 24, 908). Shoulder x-rays indicated normal findings. (Tr. at 24, 658–59). Perhaps more importantly, Baum admitted benefitting from pain medication and lumbar medial branch blocks. (Tr. at 24, 919–20). Contemporaneous medical records indicated that Baum reported the injections relieved 95% of her back pain. (Tr. at 24, 920). The ALJ further noted that Baum's physician often recommended physical therapy. (Tr. at 24). Although Baum completed an evaluation in May 2023, she only had one physical therapy session thereafter. (Tr. at 771, 773). In June 2023, she was discharged for non-attendance.[2] (Tr. at 779).

In summary, the ALJ adequately examined the persuasiveness of Dr. Mann's medical opinion, including both supportability and consistency. Although Baum

---

[2]Noncompliance with treatment without good reason is grounds for denying an application for benefits. 20 C.F.R. §§ 404.1530, 416.930(b).

9

argues that the ALJ did not address each of Dr. Mann's findings in determining the persuasiveness of her opinion, "[t]he ALJ's brevity is not reversible error." *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021). Rather, the entirety of the ALJ's decision supports the ALJ's finding that Dr. Mann's opinion was only entitled to partial persuasiveness.

### 2. Subjective Complaints

Next, Baum asserts that the ALJ erred in considering Baum's subjective complaints of pain. Specifically, she argues that the ALJ did not give proper weight to Baum's own description of her pain and failed to mention any of the findings the physical therapist made during the May 2023 evaluation.

When evaluating a claimant's subjective complaints of pain, "the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)); *see also* 20 C.F.R. §§ 404.1529, 416.929. "[T]he duty of the court is to ascertain whether the ALJ considered all of the evidence relevant to the claimant's complaints of pain . . . and whether the evidence so contradicts the claimant's subjective complaints that the

ALJ could discount his or her testimony as not credible." *Masterson v. Barnhart*, 363 F.3d 731, 738–39 (8th Cir. 2004) (citing *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987)). Where an ALJ explicitly considers the relevant factors but then discredits a claimant's complaints for good reason, the decision should be upheld. *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001) (quoting *Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir. 1990)).

Baum testified at the hearing in May 2024 that she had severe back pain, neck pain, and problems with one hand. (Tr. at 47). She stated that injections only provided 50-60% relief. (Tr. at 48). However, she admitted that the lumbar medical branch block provided substantial pain relief. (Tr. at 51). As for functional limitations, Baum stated that she could stand for fifteen minutes, could lift ten pounds, and could sit for approximately thirty minutes. (Tr. at 54–55). When asked about an emergency room visit in March 2023 where she dropped a couch on her foot, she stated that she did not remember. (Tr. at 56–57).

The ALJ found that Baum's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with other evidence in the record. Specifically, the ALJ noted that despite Baum's contention that she could only stand for fifteen minutes, her treatment had been largely conservative. *See Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (an ALJ may consider a plaintiff's conservative course of treatment as indicative that her symptoms are not disabling). The ALJ also

noted that medical records indicated that Baum's lumbar medial branch block had provided 95% relief from pain. (Tr. at 25). As for the allegation that Baum injured her foot in 2024 moving a couch, the ALJ cited to medical records from February 7, 2024, where Baum reported difficulty walking and pain in her foot after lifting and dropping a couch on it. (Tr. at 25, 432, 460). Baum had X-rays of her foot at the time that showed no abnormalities. (Tr. at 25, 617).

The ALJ also acknowledged Baum's brief stint in physical therapy in May 2023, noting that she had a normal gait and self-reported that she was not experiencing pain in her lumbar back at that time. (Tr. at 25, 771, 773). Although Baum points to additional findings made by the physical therapist who concluded that skilled therapy was appropriate for Baum, medical records indicate that she was discharged for "no call/no show and failure to return phone calls for scheduling." (Tr. at 779). An ALJ may consider a claimant's noncompliance with prescribed treatment when evaluating subjective pain allegations. *See, e.g.*, *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) ("In addition to the results of objective medical tests, an ALJ may properly consider the claimant's noncompliance with a treating physician's directions."). As for Baum's claim that she could only lift ten pounds, the ALJ noted the normal findings of electromyography and nerve conduction studies on Baum's upper extremities. (Tr. at 25, 908). Notably, because physical examinations did reveal a reduced range of motion, a positive Hawkins/Kennedy

test, and shoulder muscle weakness, the ALJ did limit Baum to only occasional overhead reaching in her right shoulder. (Tr. at 25).

Under these circumstances, the ALJ provided sufficient reasons for rejecting Baum's subjective complaints of pain, citing objective medical evidence as well as evidence pertaining to Baum's activities, her functional abilities and limitations, and her compliance with treatment recommendations.

## IV. <u>Conclusion</u>:

For the reasons stated above, substantial evidence supports the decision that Baum was not disabled, and the Court recommends that judgment be entered in favor of the Commissioner.

IT IS SO ORDERED this 15th day of April 2026.

_____
UNITED STATES MAGISTRATE JUDGE

13